UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATT WRIGHT,

  Plaintiff,

  v.

STATE OF WASHINGTON, et al.,

  Defendant.

Case No. C23-1326-BJR-SKV

ORDER GRANTING MOTION FOR CONTINUANCE AND STRIKING MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's request for a continuance, Dkt. 13, of Defendants' motion for summary judgment. Dkt. 11. Plaintiff has moved the Court to deny without prejudice or defer entertainment of Defendants' summary judgment motion, arguing a continuance is necessary to afford him adequate opportunity to conduct the discovery he needs to defend against the motion. Having reviewed the record, including summary judgment briefing and Plaintiff's motion, the Court is persuaded that further discovery is warranted before a motion for summary judgment should be entertained.

**BACKGROUND**

Plaintiff initiated this 42 U.S.C. § 1983 action against the State of Washington and various employees of the Washington State Department of Corrections due to alleged tortious,

constitutional, and statutory violations committed against him while incarcerated at the Monroe Correctional Complex.  *See* Dkt. 1-2.  Defendants removed the case from state court, *see* Dkt. 1, and answered the complaint on August 31, 2023.  Dkt. 6.  The parties filed a joint status report on September 19, 2023, Dkt. 7, and the Court issued a case scheduling order on September 29, 2023.  Dkt. 8.  On January 12, 2024, the parties filed a stipulated motion to extend the case schedule deadlines, arguing the extension was necessary "due to the breadth of discovery sought and the need for reviewing and redacting records sought by the parties."  Dkt. 9 at 1-2.  The Court granted that extension and the discovery cutoff date was moved from March 20, 2024, to September 18, 2024.  Dkt. 10.  The dispositive motions deadline was moved accordingly from April 19, 2024, to October 18, 2024.  *Id.*  On March 28, 2024, weeks before the original dispositive motion deadline and nearly six months before the amended discovery cutoff date, Defendants filed for summary judgment.  Dkt. 11.  In lieu of responding to the motion, Plaintiff moved for a continuance pursuant to Federal Rule of Procedure 56(d).  Dkt 13.  On April 26, 2024, Defendants filed a reply brief to the motion for summary judgment in which they argued against Plaintiff's motion for continuance.  Dkt. 16.

## **DISCUSSION**

In his motion for continuance, Plaintiff requests the Court deny without prejudice or defer entertainment of Defendants' summary judgment motion until either discovery is complete and Plaintiff has had adequate opportunity to review disclosures, or until after the discovery cutoff date.  Dkt. 13 at 2.  A Court should defer ruling on summary judgment and allow time for additional discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  In so doing, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain

affidavits or to take discovery; or (3) issue any other appropriate order." *Id.* Important to this analysis is the Ninth Circuit's guidance that a Rule 56(d) continuance should be granted "almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Rsrv., et al.*, 323 F.3d 767, 774 (9th Cir. 2003) (citing *Wichita Falls Off. Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir. 1992)); *see also Metabolife Int'l, Inc. v, Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (explaining that although Rule 56(f) (now Rule 56(d)) "facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S. Ct. 2505 (1986)).

In their stipulated motion to extend case schedule deadlines, the parties agreed an additional six months was needed to conduct adequate discovery "due to the breadth of discovery sought," and despite the parties having "actively engaged in discovery" up to that point. Dkt. 9 at 1-2. For this reason, the Court agreed to extend the discovery cutoff date from March 20, 2024, to September 18, 2024. Dkt. 10. Defendants subsequently filed for summary judgment on March 28, 2024, just eight days after the original discovery cutoff date and well before the original dispositive motion deadline. *See* Dkt. 11. As of the date of this order, the discovery cutoff date is more than four months away.

Plaintiff has propounded at least two requests for production and held at least one meet and confer conference with Defendants regarding their responses. Dkt. 16 at 2-3. Defendants have produced multiple rounds of responses to Plaintiff's discovery requests, *id.*, including more

than 10,000 pages in late February and several thousand pages more since filing for summary judgment.  Dkt. 13 at 6-7.  Plaintiff has also deposed two witnesses since the summary judgment motion was filed, *id.* at 7, and has scheduled at least three more depositions.  Dkt. 16 at 3.  Plaintiff intends to depose all defendants, including a 30(b)(6) witness, during the discovery period.  Dkt. 13 at 7.  The Court finds Plaintiff is diligently pursuing discovery in this matter.

In their reply brief, Defendants argue Plaintiff failed to identify "specific facts that further discovery would reveal and explain why those facts would preclude summary judgment." *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018).  In *Stein*, the case Defendants cite to support their argument, the Ninth Circuit affirmed a district court's denial of the defendant's request for a Rule 56(d) continuance of a motion for summary judgment.  *Id.*  The crux of the district court's decision was that the defendant failed to explain how any additional facts he could learn through discovery would have precluded summary judgment given that the same issues in that civil case were found to have been litigated in a parallel criminal case and were dismissed on summary judgment due to issue preclusion.  *Id.*  As such, the evidence the defendant sought through additional discovery was merely speculative and was not tied to any specific fact that might be "essential" to overcoming summary judgment.  *Id.*

Here, although Plaintiff's motion is not a model of clarity, the Court finds the evidence he is seeking through additional discovery to be sufficient for Rule 56(d) purposes.  Dkt. 13.  The nature of a retaliation claim requires a plaintiff to gain an understanding of what happened behind the scenes leading up to the alleged retaliation.  This is information a plaintiff can only become privy to through discovery, and conducting depositions is a crucial component of that process.  Until Defendants filed their motion for summary judgment, Plaintiff believed he had months to conduct depositions.  To prematurely forfeit him the opportunity to do so now would

be unjust.  Moreover, given the timing and amount of discovery productions in this matter, and the early filing of Defendants' motion for summary judgment, it is unrealistic to expect Plaintiff to have reviewed and analyzed more than 10,000 pages of discovery before his deadline to respond to the motion.

The arguments Defendants raise against a continuance in their reply brief, *see* Dkt. 16, are unconvincing.  Under the circumstances outlined here, and in light of the Ninth Circuit's favorable view of Rule 56(d) continuances, the Court finds it necessary to allow more time for discovery before entertaining a motion for summary judgment.

## **CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's motion for continuance. Dkt. 13.  Accordingly, the Court will strike Defendants' motion for summary judgment, Dkt. 11, with leave to re-file a summary judgment motion at a later, appropriate time.  The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 29th day of April, 2024.

S. KATE VAUGHAN
United States Magistrate Judge