UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATT WRIGHT,

           Plaintiff,

v.

STATE OF WASHINGTON, et al.,

           Defendants.

Case No. C23-1326-BJR-SKV

ORDER DENYING MOTION TO TAKE MORE THAN TEN DEPOSITIONS

I.    BACKGROUND

This matter is before the Court on Plaintiff's motion for leave to take more than ten depositions. Dkt. 19. In the complaint, Plaintiff alleges various tortious, constitutional, and statutory violations were committed against him in retaliation for exercising his First Amendment rights while incarcerated at the Monroe Correctional Complex. *See* Dkt. 1-2. He names the State of Washington, the Washington State Department of Corrections ("DOC"), and ten DOC employees as Defendants. *See* Dkt. 1-2. At the time of filing his motion, Plaintiff had taken five depositions and noted three more. Dkt. 19 at 3-4. Three of Plaintiff's deponents are defendants, including one Rule 30(b)(6) witness, and five are non-parties. *Id.* Pursuant to Fed.

ORDER DENYING MOTION TO TAKE MORE
THAN TEN DEPOSITIONS - 1

R. Civ. P. 26(b)(2), Plaintiff now seeks permission to depose the eight remaining DOC employee defendants and "any experts or designees that defendants declare." *Id.* at 4.

## II.     DISCUSSION

Fed. R. Civ. P. 30(a)(2) limits the number of depositions each side is allowed to take to ten. *Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013). "The ten-per-side limit is intended to promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery." *Id.* (citing Fed. R. Civ. P. 26(b)(2); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). The Rule 30 Advisory Committee expressly noted this rule "applies to multi-party cases . . . and can only be lifted by stipulation or court approval." *Id.* (citing Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). Where there is no stipulation, the party "seeking to exceed the presumptive limit" must make a "'particularized showing' of the need for additional depositions." *Id.* Courts considering whether to expand the limit under Rule 26(b)(2) must look at "whether: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; [and] (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.* at 600 (citation omitted); Fed. R. Civ. P. 26(b)(2)(C). Parties "should ordinarily exhaust their allowed number of depositions" before asking the Court to permit them to take more. *Id.* (citations omitted).

//

1. *Plaintiff has not shown a particular need for more than ten depositions.*

Plaintiff has not met his burden to show a particularized need for more than ten depositions. Defendants contend Plaintiff has propounded just one interrogatory to date, Dkt. 22 at 5, and Plaintiff does not deny this. He argues depositions are the "most efficient way to gain information that [he] intends to seek," and that if he "agrees to acquire information via interrogatories" instead, he will "have to submit multiple sets of Interrogatories, asking follow-up questions after receiving prepared written responses from a defendant." Dkt. 26 at 4. Plaintiff contends this will "further extend the discovery practice and will be much more burdensome than conducting an oral deposition." *Id.* But the Federal Rules of Civil Procedure do not mandate parties use *either* depositions *or* interrogatories exclusively. The usual practice is for litigants to employ these and other discovery tools in a complementary manner.

Plaintiff correctly points out that depositions allow for discovery of nuances and other details about a case, such as witness credibility, that are unlikely to be ascertainable from attorney-crafted answers to interrogatories. *See id.* at 2-5. In a deposition, "the examining party has great flexibility and can frame the questions on the basis of answers to previous questions. Moreover, the party being examined does not have the opportunity to study the questions in advance and to consult with counsel before answering." 8B Wright & Miller, Fed. Prac. & Proc. § 2163. But interrogatories "are an effective way to obtain simple facts, to narrow the issues by securing admissions from the other party, and to obtain information needed in order to make use of the other discovery procedures." *Id.* They are also far less expensive and onerous to conduct than depositions and may help the parties determine which witnesses have the most useful information. In any litigation there may be countless individuals whose testimony could bolster

ORDER DENYING MOTION TO TAKE MORE
THAN TEN DEPOSITIONS - 3

a party's claims or defenses to some degree, but that does not mean each one of them is worth deposing.

In his motion, Plaintiff briefly explains the information he sought to learn from the depositions he already took or noted. *See* Dkt. 19 at 3-4. He does not, however, in any way identify what he expects to learn from the remaining eight defendants beyond broadly stating they are "crucial actors in this lawsuit." Dkt. 26 at 6. Nor does he explain with any specificity why that information would not be duplicative of what he has already learned or why it cannot be obtained through other means of discovery. Plaintiff contends that deposing each defendant will allow him to "judge witness credibility" and "follow up in real time with unanticipated probing questions [that] might reveal the truth." *Id.* at 3. But these arguments are generic to any witness and fall short of the particularized showing he must make. Without more information, the Court cannot weigh the benefits and burdens of granting Plaintiff leave to take more than the normally allowed ten depositions. *See* Fed R. Civ. P. 26(b)(2)(c).

2. *Plaintiff's motion is premature.*

Even if Plaintiff had met his burden here, his motion is premature. "[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)." *Smith v. Ardew Wood Products, Ltd.*, 2008 WL 4837216, at *1 (W.D. Wash. 2008); *see also Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999) (party should "exhaust" the number of depositions allowed so it may make an "informed request for an opportunity to depose more witnesses"). The purpose of this rule is to ensure litigants know the full scope of information they can gather from their ten permitted deponents before making an *informed* decision as to whether more depositions are necessary. Here, Plaintiff had only taken

five depositions when he moved the Court for leave to take six (or more) depositions beyond what the Rules normally allow. *See* Dkt. 19 at 3-5. He cannot possibly know the full scope of what is to be learned from the ten depositions he is permitted to take and therefore cannot make an informed request to take more at this time.

For these reasons, Plaintiff's motion for leave to take more than ten depositions, Dkt. 19, is denied. He may choose to renew his motion after he has completed the ten permitted depositions. If he does so, Plaintiff should be mindful of the deficiencies discussed herein and ensure his renewed motion shows, with particularity, why each additional deposition is necessary.

### III.   CONCLUSION

For the reasons given above, Plaintiff's motion to take more than ten depositions is DENIED. Dkt. 19. The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

Dated this 15th day of August, 2024.

S. KATE VAUGHAN
United States Magistrate Judge